UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| FRANCISCO JIMENEZ,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,<br><br>    Defendant. | No. CV 05-54-PLA<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)** |

### INTRODUCTION

On March 31, 2008, plaintiff's counsel, Denise Bourgeois Haley ("counsel"), filed a Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b)[1] ("Motion"), seeking the amount of $20,000.00 for representing plaintiff in an action to obtain social security benefits. Counsel indicates that she performed 21.3 hours of attorney services, and that an additional 6.5 hours of paralegal time was spent, in representing plaintiff before the district court. (See Motion at 3, 7-8, 20, 22; see also Declaration of Denise Bourgeois Haley attached to Motion ("Haley Decl.") at ¶ 5; Motion, Exhibit 4). Counsel seeks compensation pursuant to a contingent fee agreement that allows her to

---

[1] Unless otherwise indicated, all statutory references are to Title 42 of the United States Code.

recover up to 25% of past-due benefits. (See Motion, Exhibit 1). Defendant filed a Response ("Response"), stating that it is "not in a position to either assent to or object to the § 406(b) fees that Counsel seeks . . . ." (Response at 2-3). Plaintiff's counsel filed a Reply to the Response. Plaintiff was served with the Motion. (See Proof of Service attached to Motion). He did not file an opposition to the Motion.

The Court has taken counsel's Motion under submission without oral argument. For the reasons stated below, the Court grants the Motion.

**PRIOR PROCEEDINGS**

On January 4, 2005, plaintiff commenced the instant action. On May 3, 2006, judgment was entered remanding the case to defendant for further proceedings. (See Judgment, entered May 4, 2006). On remand, plaintiff was found disabled and was awarded approximately $165,974.00 in retroactive benefits. (See Motion at 3, 23, 25-26; see also Haley Decl. at ¶ 4; Motion, Exhibit 3). The sum of $41,493.50 was withheld from the award.[2] (See Motion, Exhibit 3). Counsel now seeks a fee award for work performed before this Court in the sum of $20,000.00. (See Motion at 1, 3-4, 22-24). Counsel already has been awarded attorney fees of $4,000.00 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (See Motion at 1, 3-4, 23; see also Response at 2). The EAJA award offsets any attorney's fee award payable from plaintiff's past-due benefits, up to the full amount of the EAJA award.[3] Accordingly, the net amount of attorney fees counsel seeks payable from plaintiff's benefits is $16,000.00. (See Motion at 4). Counsel also filed a fee petition for attorney fees under 42 U.S.C. § 406(a) in the amount of $7,000.00 (See Motion at 23; see also Response at 10).

---

[2] Counsel claims that the total withholding is $41,493.00. (See Motion at 3).

[3] If attorneys' fees are awarded under the EAJA and section 406(b), the attorney must refund the smaller of the two awards to the claimant. See Gisbrecht v. Barnhart, 535 U.S. 789, 796, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002) (noting that "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits" by requiring the claimant's attorney to refund to the claimant the amount of the smaller fee up to the point where the claimant receives 100% of the past-due benefits).

2

## ATTORNEY'S FEES UNDER THE SOCIAL SECURITY ACT

Section 406(b) provides, in part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A). Thus, "a prevailing [disability] claimant's [attorney's] fees are payable only out of the benefits recovered; in amount, such fees may not exceed 25 percent of past-due benefits." Gisbrecht v. Barnhart, 535 U.S. 789, 792, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002).

In Gisbrecht, the Supreme Court explained that where the plaintiff has entered into a contingent fee agreement with counsel, § 406(b) is meant "to control, not to displace, fee agreements between Social Security benefits claimants and their counsel." 535 U.S. at 793. The Court held that where the claimant and counsel had entered into a lawful contingent fee agreement, courts that used the "lodestar" method as the starting point to determine the reasonableness of fees requested under section 406(b) improperly "reject[ed] the primacy of lawful attorney-client fee agreements."[4] Id. While courts review fee agreements as an "independent check, to assure that they yield reasonable results in particular cases," lawful contingent-fee

---

[4] Under the "lodestar" method, attorney fees are calculated by multiplying the number of hours reasonably expended in representing a client by a reasonable hourly fee. See Gisbrecht, 535 U.S. at 797-98 (discussing application of the "lodestar" method in the Ninth Circuit). The "lodestar" may be adjusted upward or downward to account for a variety of factors. See Gisbrecht, 535 U.S. at 798 (citing Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69-70 (9th Cir. 1975), cert. denied, 425 U.S. 951 (1976)). Courts in this and other circuits look to the following factors to determine whether the lodestar should be adjusted: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Allen v. Shalala, 48 F.3d 456, 458 n. 3 (9th Cir. 1995) (citing Kerr, 526 F.2d at 70), abrogated by Gisbrecht, 535 U.S. 789.

agreements are "the primary means by which fees are set" for the successful representation of social security disability claimants in court. Id. at 807. However, a "court may exercise its discretion to reduce an attorney's contractual recovery based on the character of the representation and the result achieved . . . . In addition, '[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.'" Hearn v. Barnhart, 262 F. Supp. 2d 1033, 1036 (N.D. Cal. 2003), quoting Gisbrecht, 122 S. Ct. at 1828.

The Court has conducted an independent check as to the reasonableness of the fee sought here. Plaintiff retained counsel to represent him in federal court in his social security disability case, and agreed to pay counsel a contingent fee in an amount equal to 25% of any past-due benefits award obtained. (See Motion at 5-7; see also Motion, Exhibit 1). Under Gisbrecht, the court examines a lawful contingent fee agreement only to assure that the enforcement of that agreement is not unreasonable. The court may consider factors such as the character of the representation, the results achieved, the ratio between the amount of any benefits awarded and the time expended, and any undue delay attributable to counsel that caused an accumulation of back benefits. Gisbrecht, 535 U.S. at 808. Consideration of these factors warrants no reduction of the fee sought by counsel. Counsel obtained a very favorable outcome for her client, resulting in a remand for further proceedings and ultimately in the payment of past-due benefits. The record discloses no issue regarding the quality or efficiency of counsel's representation before this Court, or any misconduct or delay by counsel. The time expended was reasonable to litigate the case to the point where it was remanded for further proceedings, and the time spent on this matter is well within the norm for social security disability cases. See, e.g., Patterson v. Apfel, 99 F. Supp. 2d 1212, 1214 & n. 2 (C.D. Cal. 2000) (noting that "a survey of several dozen cases in which attorney's fees were awarded in social security cases suggests that the 33.75 hours spent by plaintiff's counsel falls within the approved range," and collecting cases).

/
/
/

Counsel asserts that effective hourly rates of $826.98 for attorney services and $366.95 for paralegal services[5] are reasonable. (See Motion at 20). The Court finds that these rates are reasonable in these circumstances. Most post-Gisbrecht decisions have approved contingent fee agreements yielding hourly rates not far different than those sought here. See Dodson v. Commissioner of Social Security, 2002 WL 31927589, *2 (W.D. Va. Oct. 22, 2002) (rejecting Commissioner's argument that a contingent fee of $5,000 for 7.2 hours of work, or $694.44 per hour, is per se unreasonable "because it fails to account for the nature of a contingent-fee agreement"); Hussar-Nelson v. Barnhart, 2002 WL 31664488, *3 (N.D. Ill. Nov. 22, 2002) (rejecting the argument that an hourly rate of $393.00 for 53.9 hours of work represented a windfall, and collecting pre-Gisbrecht cases awarding contingent fees that translated into hourly rates ranging from $380 to $605); Coppett v. Barnhart, 242 F. Supp. 2d 1380, 1384 (S.D. Ga. 2002) (approving a contingent fee that translated into an hourly rate of $350.49 for 18.70 hours of court representation where there was no evidence of impropriety in making the fee contract and to account for the risk of nonpayment, and collecting pre-Gisbrecht cases that awarded contingent fees amounting to $438 and $380 per hour); Martin v. Barnhart, 225 F. Supp. 2d 704 (W.D. Va. 2002) (awarding $10,189.50 for 16.82 hours of court-related work, which represented over $605 per hour); Hearn, 262 F. Supp. 2d 1033 (finding de facto rate of $450 per hour to be reasonable, despite it being three times the amount of the EAJA hourly rate). A handful of cases have awarded larger amounts. See, e.g., Droke v. Barnhart, 2005 WL 2174397 (W.D. Tenn. Sept. 6, 2005) ($830.82 per hour not unreasonable for 17.9 hours of work); Claypool v. Barnhart, 294 F. Supp. 2d 829 (S.D. W. Va. 2003) (court awarded fee amounting to $1,433.12 per hour, which

---

[5] Fees may be awarded under section 406(b) for paralegal time when the paralegal performs services that otherwise would be handled by a lawyer and that ordinarily are billed separately to the client. See Chandler v. Secretary of Department of Health and Human Services, 792 F.2d 70, 73 (6th Cir. 1986) (noting that in a case under 42 U.S.C. § 406(b), an attorney can bill for paralegal time but only at paralegal rates); cf. Missouri v. Jenkins by Agyei, 491 U.S. 274, 285-87, 109 S. Ct. 2463, 2470-71, 105 L. Ed. 2d 229 (1989) (affirming separate fee awards under 42 U.S.C. § 1988 for legal services performed by paralegals and law clerks because the "increasingly widespread custom" was to bill separately for such time, whereas the services of "secretaries, messengers, librarians, janitors, and others whose labor contributes to the work product" traditionally have been included in the calculation of a lawyer's hourly rate).

represented far less than 25% of the total award of past due benefits, and where plaintiff specifically consented to the award); Brown v. Barnhart, 270 F. Supp. 2d 769 (W.D. Va. 2003) (fee equivalent to $977.20 per hour awarded, after district court rejected a larger amount).

Nothing in the record before the Court suggests that there was any overreaching in the making of the fee agreement or any impropriety on the part of counsel in her representation of plaintiff before this Court. Counsel assumed the risk of nonpayment inherent in a contingency agreement, the agreed-upon contingent fee does not exceed the 25% statutory cap, and counsel's efforts ultimately proved quite successful for plaintiff. Based on existing authority, the fee requested is not so inordinately large in comparison with the number of hours spent by counsel on the case that it would represent a windfall to counsel. Accordingly, the Court finds that the contingent fee requested by counsel in this case is reasonable.

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that: (1) counsel's Motion for Attorney Fees is **granted**; (2) the Commissioner pay plaintiff's counsel the sum of Twenty Thousand dollars and zero cents ($20,000.00); and (3) plaintiff's counsel is directed to reimburse plaintiff in the sum of Four Thousand dollars and zero cents ($4,000.00), the amount already paid by defendant in EAJA fees.

DATED: July 8, 2008

PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE